**UNITED STATES of America,**
Libelant,

v.

An ARTICLE of device CONSISTING OF approximately 46 DEVICES, Labeled (on device) "DYNATONE", and

Approximately 950 brochures entitled "We Have It Now You Can Look Years Younger the Exclusive New Dynatone Way," and

One newspaper advertisement mat and undetermined number of newspaper advertisement tear sheets reading in part:

"Introducing the Exclusive New Dynatone Way to Help You Look Younger—Firm Underlying Muscles Around Chin and Frontal Neck Area—Strengthen Sagging Muscles that Cause Fine Wrinkles. Exercise Muscle Areas Around Side of Face, Eyes, and Lips—Firm and Tone Age-Revealing Areas of Your Face and Neck—Diminish Age-Telling Fine Lines and Fine Wrinkles. In Just Three Minutes a Day You Can Help Improve Your Facial Contours, Skin Tone, Texture and Complexion * * * Give Yourself a Younger Looking Appearance—Exercises Hidden Face and Neck Muscles and Gently Coaxes Them Back to Youthful Resiliency and Tone —Works Quickly to Help Firm Up Delicate Facial Muscles That Cause Double-Chins, 'Crow's Feet' and Other Facial Contour Problems—."

No. 4–67 Civ. 301.

United States District Court,
D. Minnesota,
Fourth Division.

July 27, 1970.

Robert G. Renner, U. S. Atty., by Joseph T. Walbran, Asst. U. S. Atty., together with Forrest Patterson and Robert Marrs of the Food and Drug Administration, for the United States.

Kelly, Segell & Fallon, by William S. Fallon, St. Paul, Minn., Condon, McMurray & Pendergast, by William R. Pendergast, Washington, D. C., and Condon & McMurray, by Mark E. Barmak, New York City, appeared for claimant.

NEVILLE, District Judge.

■ This action seeks the condemnation of some 46 devices more or less known as the Dynatone Facial Exerciser. It is an *in rem* proceeding and is in this court as the result of a seizure of the devices by the government pursuant to Section 301 et seq. and specifically Section 334 of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 301 et seq. Such was made at a department store in Minneapolis, Minnesota where the devices together with promotion leaflets and instruction booklets were prominently on exhibition and display for sale on a merchandise counter in the store. All were seized. Dynatone Electronics Corporation the manufacturer of the devices timely filed a claim in this proceeding and an answer, admitting that the seized articles had been shipped in interstate commerce, but denying the other allegations of the government's libel of information as subsequently amended. The court finds that the Dynatone Facial Exerciser is a "device" within the meaning of 21 U.S.C. § 321(h) since it is designed to affect the "structure or any function of the body of man" and based on claimant's own admission, the court finds that the devices were shipped in interstate commerce.

The Dynatone Facial Exerciser is approximately 4″ x 2½″ x 1″, is battery powered with simulated leather covering over a box-like structure and has two round smooth electrodes or terminals on one end. When in operation it is held in the hand, much in the manner of an electric shaver. The two terminals are applied to the face and neck in certain directed area and when the switch is turned on pulses of the battery powered electrical current pass between the terminals from one to the other and thus into or through the facial anatomy. The amount of electrical current can be regulated by a hand dial which is a part of the Dynatone Exerciser. As the current passes between the terminals, such causes alternate contraction and relaxation of the muscles beneath and proximate to the area where the terminals are applied to the skin.

The manufacturer of the device accompanies the same with a leaflet (Government's Exhibit 7) and a booklet (Government's Exhibit 8—which is contained in the outer case enclosing the Dynatone Exerciser) in which claims are set forth that with the use of the device (Ex. 7) "Now you can look years younger:"

"A beautiful new you is just minutes-a-day away. That young look you thought was gone? It isn't really gone at all. You see, true beauty is deeper than the skin. It rests in those tiny underlying muscles that support your face and neck. When you are young, these muscles are strong and resilient. Your face is firm, your complexion glows.

But, as time passes, these muscles tend to weaken, lose their resiliency. Double-chin, age-telling fine wrinkles, fine lines and 'crow's feet' appear. You start to look older.

New DYNATONE can change all that. New DYNATONE is an exclusive way to improve the very beauty foundation of your face and neck. With new DYNATONE, you can diminish those age-telling fine lines and fine wrinkles.

In just three minutes a day, new DYNATONE will help improve your facial contours, skin tone, texture and complexion—give you a younger-looking appearance as you never dreamed possible.

The exclusive new DYNATONE way electronically exercises hidden face and neck muscles and gently coaxes them back to youthful resiliency and tone. Used daily, DYNATONE easily and quickly firms up delicate facial muscles that cause double-chins, 'crow's feet' and other facial contour problems."

Government Exhibit 8 repeats substantially these same claims.[1]

It is the government's contention that the leaflet and the booklet, which the court finds constitute labeling under the Food, Drug and Cosmetic Act since they accompany the device when sold and/or are given to purchasers and to prospective purchasers, constitute and contain representations which are false and misleading and thus the product is said to be misbranded and mislabeled under 21 U.S.C. § 352(a).

The government produced four well qualified expert medical witnesses. Two of them, one a surgeon and the other a plastic surgeon, had collaborated on a test where 18 people were chosen, 6 to use the device daily for 30 days for 3 minutes a day in various positions on both sides of the face; 6 so to use the device only on one side of the face and 6 (whose identity remained unknown to either doctor) not to use the device at all. At the end of 30 days, neither doctor could observe any change in the character, contour or wrinkling of the face of any of the subjects. There was no observable reduction in the number of wrinkles, nor the depth thereof, nor any general lessening of sagging areas or tightening of the skin. "Before and after" color photos were taken and received in evidence. To the court and according to the testimony of these experts, there is and was no distinguishable or observable difference or improvement in facial appearance in any of the subjects.

More forceful and convincing however than the above experiment was the medical testimony concerning the effect of aging on the skin and the results not obtained by muscle contraction. One of the aforementioned experts and two other medical experts called by the government, one a specialist in physical medicine and rehabilitation, the other a dermatologist, testified in summary that facial and neck muscle exercise or contraction would have no effect on wrinkling of the skin, or if anything would promote or increase it. The testimony was to the effect that exercise does nothing for wrinkled skin overlying a muscle. Electrical stimulation, while causing muscle contraction, will not cause muscle growth, i. e., hypertrophy, though it might slow down but will not stop muscle atrophy. Voluntary exercise can cause increase in muscle size, and to that extent would or might stretch the overlying skin and thus reduce wrinkles therein to some extent. No such result can be obtained however by artificial electrical muscle contraction. The testimony was clear that the use of the device would not be effective to help or reduce crow's feet, double chins, or jowls. These conditions relate to the elasticity of the skin itself and have no relation to muscle tone or the loss thereof nor to weakness or atrophy of facial muscles. Wrinkling is in large part caused by the skin's failure to resume its normal state

---

1. At the time of the seizure of the devices by the government there was publicly on display and lying on the merchandise counter where the devices were being offered for sale an ad clipped or extracted from a current Minneapolis newspaper which contained substantially the same language as appears in Exhibits 7 and 8 above quoted. This was offered as government's exhibit 10 accompanied by government's exhibit 11, the newspaper mat from which the ad or the plate therefor was pressed or printed and run. The newspaper mat was found in the office of one of the merchandise men in the department store and was not on public display on the merchandise counter. The contention was seriously made by the claimant that these exhibits did not constitute "labeling" and thus misbranding within the meaning of the Federal Food, Drug and Cosmetic Act. The court indicated it would reserve ruling on the admissibility of these two exhibits, but since their wording is substantially the same as the leaflet and the instruction booklet the court deems it immaterial whether or not the newspaper ad and the mat are admitted into evidence. They are at best cumulative. Their admission adds nothing and their exclusion detracts nothing. Therefore, it is the ruling of the court that government's exhibits 10 and 11 are not received in evidence.

after a bending or folding caused by muscle contraction. Increased exercise of underlying facial muscles if it affects the wrinkling process at all, probably makes the wrinkles worse. This evidence was very convincing to the court and the court finds it to be true.

There was testimony concerning increased circulation by the use of the Dynatone device, but it was at best inconclusive, it appearing that on any muscle contraction an increased blood supply necessarily is stimulated to replenish afterwards the chemical energy used to cause the contraction. The court was not convinced, if in fact the use of the device increased circulation, that this was in any way beneficial or made the user "look years younger."

Claimant's own expert admitted that wrinkling is a natural aging process of the skin, though such could be lessened by a surgical "face lift;" that a study had demonstrated no real effectiveness of the Dynatone device to eliminate or reduce wrinkling; that with relation to increased circulation, most persons do not need to increase the blood supply to the face.

 On the basis of the above, the court finds that the Dynatone Facial Exerciser is a misbranded device within the meaning of 21 U.S.C. § 352(a) in that its labeling is false and misleading in a number of particulars and that it will not do or accomplish what the claimant manufacturer asserts.

The amended libel further alleges a violation of 21 U.S.C. § 352(f) (1), a part of the Food, Drug and Cosmetic Act, in that the labeling on the device fails to bear "adequate directions for use." Inasmuch as it is the court's determination that the Dynatone Device is not capable in any event of effective use so as to accomplish the results and effects which are claimed and advertised, it would seem that this question becomes either immaterial or moot. Certainly no instructions could be adequate and obviously cannot be written or devised for a device which does not work in the first place.

The government's further contention is that the labeling of the device fails to provide adequate directions for safe and effective use by the public in violation of 21 U.S.C. § 352(f). It produced evidence of certain pathological conditions where it asserts that the use of the device may be dangerous to the health of the user.[2]

So the government claims that the device might be harmful to a user who was carrying an artificial heart pacemaker device in or on his body; that its use would be very painful to the condion of the fifth cranial nerve known as tic douloureux; that its continued use could cause nerve damage; that it possibly could be very dangerous to a cancer victim who, as a layman, might not know he was suffering from such. However none of the persons who tested the device in fact showed any harmful effects from its use and no one testified as to any actual cause of harm or damage to anyone's health from the use of the Dynatone Exerciser. The booklet

2. Objection was made to evidence sought to be introduced by the claimant through testimony from witness Stephen A. Rapaport, the president of Dynatone Electronics Corporation. He offered to testify that over 40,000 Dynatone Facial Exercisers had been sold since the marketing of the device began; that during this period only four complaint letters had been received from purchasers and that in none of these had it actually been verified that the device had any adverse effect. He further offered to testify that claimant received over 10,000 cards and letters indicating satisfactory results from the use of the device. Claimant contended such evidence to be relevant to the issue of whether the seized devices bear adequate warning under 21 U.S.C. § 352(f) (2). In view of the ruling the court makes on the claimed lack of warning question, however, this evidence becomes immaterial and the court thus finds no error in its sustaining of the objection and its rejection of the offer of proof.

(Government Exhibit 8) does contain the following statement:

"WARNING * * * If unusual pain or disease exists consult physician before using exercise equipment. This instrument should not be used over swollen or inflamed areas, or skin eruptions on face or neck."

In view of the court's determination of a violation of 21 U.S.C. § 352(a) as above, it becomes unnecessary to opine as to any claimed violation of § 352(f) and the court thus makes no finding on this contention.

This memorandum opinion shall constitute findings of fact as required by Rule 52(a) of the Federal Rules of Civil Procedure. A separate order has been entered.